Richard MADDOX, a minor, by his Guardian ad litem Doris Maddox Sinclair, Plaintiff,

v.

John D. WENDLER, Defendant.

No. 6881-A.

District Court, Alaska.
First Division, Juneau.

Nov. 16, 1954.

———◆———

Wm. L. Paul, Jr., Juneau, Alaska, for plaintiff.

Theodore E. Munson, U. S. Atty., Juneau, Alaska, and C. Donald O'Connor, Asst. U. S. Atty., for defendant.

FOLTA, District Judge.

The plaintiff seeks to recover $425.09 for damages sustained by his automobile in a collision with a United States government truck which was parked on the highway by the defendant, an enforcement agent of the Fish and Wildlife Service. Following the administrative denial of his claim by the Department of the Interior, the complaint was amended to allege that the truck was then and there used by the defendant in his personal business.

It appears that the defendant drove the car to the place involved to investigate an apparent violation of the game law, which was reported to him over the telephone; that the snow had been removed from the paved portion of the highway about 16 to 20 feet in width and banked on each side; that the snow which remained on the highway was in spots packed hard and icy; that the defendant parked the car as far into the snow bank as was possible; that about two hours later, the plaintiff, proceeding in the same direction at a speed of 20 to 25 miles per hour, attempted to pass the defendant's truck, but was suddenly confronted by an approaching car, whereupon he turned back into the right lane, but found it impossible to avoid colliding with the rear end of the government truck.

The plaintiff contends that the defendant was negligent because he parked the truck on a curve; the defendant contends that the truck was parked just beyond the curve, on a straightaway approximately 300 yards long, and that the plaintiff was negligent in attempting to pass the truck in the face of an approaching car on the straightaway.

Upon the plaintiff's request, Traffic Officer Moore examined the scene of the accident about two or three hours after its occurrence, and measured the distance from where the plaintiff said he first saw the truck, and found it to be 180 feet to where the plaintiff said the truck was parked. The officer thereupon drove his car over that part of the highway, at the speed that plaintiff said he was driving at the time, and found that his car could be stopped in 40 feet. The photographs admitted in evidence show that when the plaintiff came within about 100 feet of the parked truck his view of the highway for the distance of the straightaway and well into the next curve was unobstructed. Of course, the photos were taken to accord with the defendant's version of the accident. But assuming that the truck was parked on the curve, it is undisputed that it was visible for 180 feet from the rear, and if the plaintiff's view of the highway beyond was obstructed because of the curve, he was negligent in continuing and attempting to pass without reducing his speed.

I find, therefore, that he was at least contributorily negligent, and not entitled to recover.